Hyman Korn, J.
Plaintiff moves for summary judgment. The action is brought to enforce the provisions of section 476-a et seq. of the Judiciary Law. Such enforcement is unaffected by the passage of time, the existence of other remedy, or failure to establish any public injury.
Since 1926 defendant has been licensed by the Commissioner of Patents to practice as an “ attorney ” in the United States Patent Office under rules and regulations then existing as promulgated by the Commissioner pursuant to Congressional authority. Such rules have the force of law if they are not inconsistent with statute and the State may not take any action which will interfere with the registered patent attorney in any detail necessary to his function as a practitioner before the Patent Office. (Sperry v. Florida, 373 U. S. 379.)
The connotation of the word “ attorney ” needs no elucidation. Distinction was made in section 487 of the United States Revised Statutes effective February 1,1922 (now U. ‘S. Code, tit. 35, § 31) between “ attorneys agents ”, and “ other persons ”. The current rules of the Patent Office (Code of Fed. Reg, tit. 37, *854 §§ 1.341-1.345) provide — that a separate registry of ‘ ‘ attorneys ’ ’ be maintained for the entry therein of names of attorneys at law and a separate registry of “ agents ” for the names of any citizen of the United'States not an attorney at law fulfilling the required qualifications for patent practice, and the rules further provide: “ No agent shall, in any material specified in paragraph (b) of this section or in papers filed in the Patent Office, represent himself to be an attorney, solicitor-or lawyer ” (§ 1.345, subd. [c]). The predecessor of those rules, rule 17, was amended in 1938 to conform with the statutory distinction between “ attorneys ” and “ agents ”.
State insistence that only a patent practitioner who is an attorney at law pursue his practice with the designation connoting status as an attorney at law is not inconsistent with a Congressional statute or Patent Office rule -and does not interfere with the necessary scope .of practice before the Patent Office. Motion is granted.